IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN THE MATTER OF:<br><br>ISLANDWIDE LOGISTICS INC.<br><br>Debtor | CASE NO. 16-07693 (ESL)<br><br>CHAPTER 11 |

DEBTOR'S REPORT TO THE COURT IN PREPARATION
FOR THE DECEMBER 13, 2016, STATUS CONFERENCE

TO THE HONORABLE COURT:

COMES NOW, Islawide Logistics Inc. (herein the "Debtor"), through its undersigned attorney and very respectfully STATES and PRAYS:

1. *Nature of Debtor's Business:* The Debtor operates over 300,000 square feet of warehouse space dedicated to providing its clients with inventory management that includes full inventory systems integration, electronic order processing, RF capability and retail time sensitive delivery service. Debtor's distribution center is designed to ensure the uninterrupted flow of the supply-chain RF Capable Warehouses. There are two related parties to this company, i.e.; P.J. Rosaly Enterprises, Inc.. ("Islandwide Express")[1] and HME Holdings, Inc. ("HME")[2]. Together they form the Islandwide Group. Both Islandwide Express and HME filed for bankruptcy on September 28, 2016. See Case Nos. 16-07686 and 16-07690. These cases are jointly administrated.

---

[1] Islandwide Express is specialized in providing next day, same day delivery services to its clients, as well as temperature controlled deliveries. It is also engaged by the main banks in the island and provide internal messenger and clearing house services to these institutions.

[2] HME in turn runs the human resources, business development, information and technology ("IT"), finance and accounting departments for both Islandwide Express and Logistics.

2. *Reason for Filing the Petition:* The filing of the bankruptcy petition was triggered by continuous garnishments to Debtor's accounts by the Compañia de Comercio y Exportación de Puerto Rico ("CCEX") in execution of a claim on account of a contractual damages clause judgment for a leases premises surrendered which the Debtor was the lessor and Islandwide Express and HME were guarantors. These garnishments endangered Debtor's cash flow and the operations if the three entites. The Debtor had no other alternative than to file for relief pursuant to the provisions of Chapter 11 of the Bankruptcy Code, to maintain operations and avoid interruption of services to all clients.

3. *State whether this is a Small Business:* Debtor is not a small business debtor as its total indebtedness exceeds the limits specified in 11 U.S.C. § 101 (51D) of the Bankruptcy Code.

4. *Timetable for filing a Disclosure Statement:* Debtor's Disclosure Statement and Plan of Reorganization are intended to be filed within the exclusivity period of 120 days provided by the Bankruptcy Code, *i.e.*, January 26, 2016, unless an extension of time is necessary, in which case it will be requested in a timely manner.

5. *Give an Estimate of all Professional Fees:* Debtor estimates the total amount of professional fees accrued in this case at approximately $30,000 including, bankruptcy attorneys, special counsel and accountants.

6. *Anticipated Significant Events:* At this time, the Debtor anticipates the following significant events:

    a. Negotiations with the lessors for the assumption of the leases

    b. Negotiate with the Banco de Desarollo Economico the treatment of its secured claim.

7. *Discuss the Need for Future Status Conferences:* The Debtor does not anticipate a need for requesting future status conferences.

8. Debtor hereby presents this report in compliance with this Court's Order entered on September 30, 2016. (Docket No. 13)

**WHEREFORE**, Debtor requests that this Honorable Court accepts the foregoing report in compliance with this Court's Order of September 30, 2016 at Docket No. 13.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 7th day of December, 2016.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing through the CM/ECF system, which will send notification of such filing to the parties listed below, including the US Trustee.

- **SOLYMAR CASTILLO MORALES**   scastillo@gaclaw.com, jrosado@gaclaw.com
- **CARMEN D CONDE TORRES**   notices@condelaw.com
- **CARMEN PRISCILLA FIGUEROA BELL**   cfigueroa@crimpr.net, cpfbkcy@gmail.com
- **MONSITA LECAROZ ARRIBAS**   ustpregion21.hr.ecf@usdoj.gov
- **RAFAEL A LUGO**   rlugo@bde.pr.gov
- **LUIS C MARINI BIAGGI**   luis.marini@oneillborges.com, docket_clerk@oneillborges.com;rebeca.rodriguez@oneillborges.com;ubaldo.fernandez@oneillborges.com
- **LYSSETTE A MORALES VIDAL**   lamoraleslawoffice@gmail.com, sqm.lamorales@gmail.com;irma.lamorales@gmail.com
- **GABRIEL L. OLIVERA DUBON**   gabriel.olivera@oneillborges.com, lissette.hernandez@oneillborges.com;docket_clerk@oneillborges.com
- **GERARDO PAVIA CABANILLAS**   gerardopavialaw@msn.com
- **HECTOR EDUARDO PEDROSA**   hectorpedrosa@gmail.com
- **MIGDA L RODRIGUEZ COLLAZO**   bankruptcyjusticia.gobierno.pr@gmail.com, mlrcbankruptcy@gmail.com;bankruptcynoticesjusticia@gmail.com
- **US TRUSTEE**   ustpregion21.hr.ecf@usdoj.gov
- **LUISA S VALLE CASTRO**   notices@condelaw.com, ls.valle@condelaw.com

**C. CONDE & ASSOC.**
Attorney for Debtor
San Jose Street #254, 5th Floor
San Juan, PR 00901-1253
Tel: (787) 729-2900
Fax: (787) 729-2203
E-mail: condecarmen@condelaw.com
S/*Carmen D. Conde Torres*
Carmen D. Conde Torres, Esq.
USDC No.: 207312